UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAUL GRILEY, individually and on behalf of the General Public of the State of California,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL CITY MORTGAGE, a division of NATIONAL CITY BANK OF INDIANA; NATIONAL CITY BANK OF INDIANA; PNC MORTGAGE GROUP; GREEN TREE SERVICING, LLC; FANNIE MAE, and DOES 1 to 50,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:10-1204 WBS KJM<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

        Plaintiff Paul Griley brought this action against defendants National City Mortgage, National City Bank of Indiana ("National City Bank") (both defendants sometimes collectively referred to as "National"), PNC Mortgage Group ("PNC"), Green

1

Tree Servicing, LLC ("Green Tree"), and Fannie Mae, arising out of defendants' allegedly wrongful filing of a notice of default ("NOD") on plaintiff's home.  Presently before the court is defendants Green Tree and Federal National Mortgage Association (Fannie Mae)'s motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.   Factual and Procedural Background

Plaintiff entered into a mortgage with National for approximately $220,273.80 on January 30, 2006 for his property located at 7071 Demaret Drive in Sacramento, California.  (Compl. ¶¶ 20-21.)  The loan held a fixed interest rate of 5.170 percent, with total monthly payments of $1,532.71.  (Id. ¶ 21.)  Plaintiff alleges that Fannie Mae may be the actual note holder.  (Id.) Green Tree allegedly sent plaintiff a letter on November 13, 2009, stating that National had sold it the servicing rights to plaintiff's loan.  (Id. ¶ 23.)  Plaintiff alleges that Green Tree subsequently sent plaintiff monthly billing statements which did not reflect the true monthly payment owed under the loan and varied in amount month to month.  (Id. ¶¶ 24, 26, 27.)  Plaintiff allegedly made contact with Green Tree over the phone to correct the billing statement error, and was told that the error would be corrected.  (Id. ¶ 25.)  Plaintiff alleges that he continued making his monthly payments of $1,532.71.  (Id. 24.)

Green Tree allegedly began sending plaintiff letters indicating he was behind on his monthly mortgage payments, and sent plaintiff a NOD on February 11, 2010.  (Id. ¶¶ 28, 30-31.) Plaintiff alleges he made contact with Green Tree regarding these discrepancies, was told the errors were due to the transfer of

2

the servicing rights of his loan from National, and was told the errors on his account would be fixed and that he was current on his loan.  (Id. ¶¶ 28-29, 35.)

In March of 2010, Green Tree allegedly continued sending plaintiff incorrect monthly billing statements that indicated plaintiff was behind on his mortgage.  (Id. ¶¶ 37-38.)  Plaintiff alleges that he made contact with Green Tree and was again told his account was in good standing and that the errors on his account would be fixed.  (Id. ¶¶ 39-40.)  In April of 2010, plaintiff was allegedly told by Green Tree that he was behind on his mortgage by over $7,000, but was subsequently told that they were trying to repair his account.  (Id. ¶¶ 41-43.)  Plaintiff alleges he remains current on his mortgage.  (Id. ¶ 45.)

Plaintiff filed this action on May 17, 2010, alleging causes of action for fraud and conspiracy to commit fraud, violation of California Civil Code section 2923.5, violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, violation of the Fair Credit Reporting Act, 16 U.S.C. §§ 1681-1681x, defamation, false light, and breach of contract and anticipatory repudiation.  Defendants Green Tree and Fannie Mae now move to dismiss those claims against them in the Complaint.[1]

---

[1] Plaintiff has conceded that his third, fourth and fifth causes of action for violation of the UCL and Fair Credit Reporting Act are insufficient as pled, and requests leave to amend.  The court must accordingly grant Green Tree and Fannie Mae's motion to dismiss these claims and will give plaintiff an opportunity to amend his complaint to correct the deficiencies identified by defendants.

3

II. <u>Discussion</u>

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556-57).

In general a court may not consider items outside the pleadings upon deciding a motion to dismiss, but may consider items of which it can take judicial notice. <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Green Tree and Fannie Mae submitted a request for judicial notice, asking the court to take judicial notice of two publically recorded documents related to plaintiff's mortgage. (Docket No. 7.) The

4

1  court will take judicial notice of these documents, since they
2  are matters of public record whose accuracy cannot be questioned.
3  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.
4  2001).

     A.   Fraud and Conspiracy To Commit Fraud Claim

          In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008). Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). A plaintiff must include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

          Conspiracy is simply a legal doctrine that establishes joint and several liability by the conspirators for an underlying tort. See Entm't Research Group v. Genesis Creative Group, 122 F.3d 1211, 1228 (9th Cir. 1997). A conspiracy to commit a tort therefore requires the commission of the actual underlying tort, although every member of the conspiracy need not commit all elements of the tort individually so long as a conspiracy has been formed and he or she acts in furtherance of its design. See Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994); see also Doctors' Co. v. Superior Court, 29 Cal.

5

3d 39, 44 (1989). In a case like this, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." Ricon v. Reconstrust Co., No. 09-937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

Plaintiff alleges that Green Tree committed fraud when it conspired with the other defendants to harm plaintiff by never intending to properly service his loan and eventually foreclose on him. (Compl. ¶¶ 47-48.) By incorporating the first forty-five paragraphs of his Complaint, plaintiff also alleges that Green Tree through its representatives made multiple representations to plaintiff that his account was in good standing and that they were trying to fix his account. (Id. ¶¶ 1-45.) Plaintiff identifies the dates and contents of multiple phone calls and identifies the customer service representative he spoke with for several of those phone calls. (Id. ¶¶ 29, 35, 39-41, 43-44.) Plaintiff alleges that he continued to make his monthly mortgage payments despite the continued errors on his account because he was assured that the problems with his account would be fixed and that his account was in good standing. (Id. 25.) Plaintiff's pleading therefore satisfies both the elements of fraud and the heightened pleading standard of Rule 9(b).

Outside of the conclusory allegation that Fannie Mae may be the owner of the note securing plaintiff's loan, the Complaint does not plead precisely how Fannie Mae participated in the alleged fraud. All of the fraudulent actions alleged in plaintiff's claim were allegedly taken by Green Tree and

6

1  National.  The Complaint does not specify what, if any,
2  independent fraudulent representations Fannie Mae made to
3  plaintiff, who made them, or when they were made.  Without
4  greater factual enhancement, the mere assertion that Fannie Mae
5  conspired with Green Tree and other defendants to defraud
6  plaintiff fails to inform Fannie Mae of how it participated in
7  the fraudulent conspiracy, and accordingly fails to meet the
8  heightened pleading standards of Rule 9(b).  See Ricon, 2009 WL
9  2407396, at *3.
10           Nor does Asis Internet Services v. Subscriberbase Inc.,
11 No. 09-3503, 2009 WL 4723338 (N.D. Cal. Dec. 4, 2009), hold
12 otherwise.  In Asis, the court held the plaintiffs had
13 sufficiently alleged a false advertising claim against multiple
14 defendants when the plaintiffs "have gone to great lengths to
15 establish that the Defendants mentioned in the Complaint are
16 related" so to "eschew the need to plead the specific role of
17 each closely-related entity."  Id. at *4 (finding a sufficient
18 link between defendants who had several web sites registered in
19 their name and the defendants who sent plaintiff e-mails which
20 provided links to those web sites).  Plaintiff here fails to make
21 any such close connection between Fannie Mae and Green Tree.  The
22 court therefore must dismiss plaintiff's fraud claim against
23 Fannie Mae.  See Vess, 317 F.3d at 1106.
24   B.   <u>Violation of California Civil Code section 2923.5 and</u>
25        <u>Request for Declaratory Relief Claim</u>
26           Plaintiff's second claim requests cancellation of the
27 NOD filed against his property because he allegedly was not in
28 default when the NOD was filed and because "defendants" failed to

7

comply with section 2923.5's requirements that, <u>inter alia</u>, the lender contact the borrower and pursue options to adjust mortgages before filing a NOD. (Compl. ¶¶ 30-34, 53-64.) Plaintiff's claim is best interpreted as a claim for cancellation of instrument rather than a claim for violation of California Civil Code section 2923.5 and for declaratory relief.

"A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. "To 'cancel' a contract means to abrogate so much of it as remains unperformed. It differs from 'rescission,' which means to restore the parties to their former position. The one refers to the state of things at the time of the cancellation; the other to the state of things existing when the contract was made." <u>Young v. Flickinger</u>, 75 Cal. App. 171, 174 (1925); <u>accord</u> <u>Phleger v. Countrywide Home Loans, Inc.</u>, No. C 07-01686, 2009 WL 537189, at *15 (N.D. Cal. Mar. 3, 2009).

In his general allegations plaintiff alleges that Green Tree sent him a NOD on February 11, 2010, which stated that he was behind on his mortgage payments in the amount of $2,402.00. (<u>Id.</u> ¶ 31.) Plaintiff contends that the Notice of Default supplied by defendants is inaccurate and that he never made any late payments on his loan. Plaintiff has sufficiently alleged irregularities with the filing of the NOD under California Civil Code section 2923.5 to withstand a motion to dismiss by Green Tree. While 2923.5 allows a NOD to be filed if the lender shows

8

due diligence in attempting to make contact with the borrower, plaintiff's Complaint incorporates some of the actions required for the "due diligence" requirement to be satisfied. (<u>See</u> <u>id.</u> ¶ 33 (never received HUD telephone number)); Cal. Civ. Code section 2923.5(g)(1) (mandating that mortgagee send first-class letter that includes HUD telephone number).  This alleged failure defeats any claim of "due diligence" under the statute, and plaintiff has therefore adequately pled this claim.  <u>See</u> Cal. Civ. Code section 2923.5(g) (stating that "'due diligence' shall require and mean all of the following" actions).

Finally, defendants argue plaintiff has failed to allege prejudice resulting from the allegedly improper filing of the NOD.  Plaintiff has, however, repeatedly stated that Green Tree misrepresented his account standing and told him his account would be fixed, only to have the NOD filed--the first stage in initiating a foreclosure--stating that he owes over two thousand dollars on his mortgage.  (<u>See</u> Compl. ¶ 31.)  Because plaintiff maintains that he has always been current on his account, prejudice is sufficiently pled.

Plaintiff does not, however, state how Fannie Mae participated in the improper filing of the NOD.  Fannie Mae should not be forced to guess as to how it violated section 2923.5.  <u>See</u> <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).  Defendants' motion to dismiss will therefore be granted with respect to Fannie Mae and denied with respect to Green Tree.

    C.    <u>Defamation Claim</u>

Defamation is the tort of making an intentional false

9

1  statement to another--either by libel or slander--that damages
2  the subject's reputation.  See Raghavan v. Boeing Co., 133 Cal.
3  App. 4th 1120, 1132 (2005).  In California,

> no consumer may bring any action or proceeding in the
> nature of defamation . . . with respect to the reporting
> of information against any consumer reporting agency, any
> user of information, or any person who furnishes
> information to a consumer reporting agency . . . except
> as to false information furnished with malice or willful
> intent to injure such consumer.

Cal. Civ. Code section 1785.32.  Plaintiff's sixth cause of
action for defamation alleges that "defendants" defamed him when
they made false statements to credit reporting agencies, the
result of which damaged his credit and reputation.  (Compl. ¶
80.)  Incorporating the preceding paragraphs of his Complaint by
reference, plaintiff alleges that Green Tree reported to the
various credit reporting agencies that he was late on his
mortgage.  (Id. ¶ 76.)  As recounted above, plaintiff repeatedly
alleges that he was and remains current on his mortgage, and that
Green Tree told him he was current on his account.  He also
alleges that defendants intended to harm him and acted with
malice when they made the false statements.  (Id. ¶¶ 81, 88.)
Plaintiff has therefore sufficiently alleged a defamation cause
of action against Green Tree.

Plaintiff again fails to allege any facts indicating
that Fannie Mae was involved in the alleged defamation by
reporting plaintiff's late mortgage payments to credit reporting
agencies.  Plaintiff's cause of action will therefore be
dismissed as against Fannie Mae.

D.   False Light Claim

False light invasion of privacy requires (1) a public

10

disclosure, (2) which places plaintiff in a false light, (3) in a manner highly offensive to a reasonable person. <u>Fellows v. National Enquirer</u>, 42 Cal. 3d 234, 238 (1986).  In addition, plaintiff must allege facts showing that defendants acted negligently in failing to learn whether the publicized fact placed him in a false light.  <u>See</u> <u>Fellows</u>, 42 Cal.3d at 248 (holding that the restrictions on liability for defamation apply equally to false light claims); <u>Khawar v. Globe Internet</u>, 19 Cal. 4th 254, 274 (1998) ("In California, this court has adopted a negligence standard for private figure plaintiffs seeking compensatory damages in defamation actions.").

   Defendants' challenge to plaintiff's sixth cause of action amounts to an argument without legal support that false negative creditworthiness information would not be highly offensive to a reasonable person if released and that plaintiff fails to state what statements are allegedly false.  With respect to the first argument, Green Tree's alleged report to credit reporting agencies that plaintiff was delinquent on his mortgage payments "publicly accused plaintiff of the very conduct that would make h[im] appear undesirable to the intended audience" of the credit report, including credit card companies, potential landlords, creditors, and other persons authorized to access his credit report.  <u>Semper v. JBC Legal Group</u>, No. 04-2240, 2005 WL 2172377, at *7 (W.D. Wash. Sept. 6, 2005).  Plaintiff's Complaint on its face therefore satisfies the "highly offensive" element of false light.

   However,, plaintiff fails to identify any statements made by Fannie Mae that placed him in a false light, and for the

11

same reasons explained above this cause of action will accordingly be dismissed with respect to Fannie Mae.

   E. <u>Breach of Contract/Anticipatory Repudiation Claim</u>

    Plaintiff's eighth cause of action for breach of contract and anticipatory repudiation alleges that plaintiff had a loan mortgage contract with "defendants," that defendants breached their contractual obligations and that plaintiff was harmed. Even incorporating the previous paragraphs of the Complaint by reference, plaintiff's pleading amounts to bare recitation of the elements of breach of contract and fails to cross "the line between possibility and plausibility," <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 556-57) or to allege sufficient facts to put either Green Tree or Fannie Mae on notice as to how they breached the loan contract. <u>See</u> <u>Gauvin</u>, 682 F. Supp. at 1071. Defendants' motion to dismiss this cause of action will therefore be granted.

    IT IS THEREFORE ORDERED that defendants' motion to dismiss the Complaint as against Fannie Mae be, and the same hereby is, GRANTED.

    IT IS FURTHER ORDERED that defendants' motion to dismiss the Complaint as against Green Tree is GRANTED as to plaintiff's claims for violations of the UCL, Fair Credit Reporting Act, and breach of contract/anticipatory repudiation and DENIED in all other respects.

    Plaintiff has twenty days from the date of this Order to file an amended complaint, if he can do so consistent with this Order.

1  DATED:   September 13, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE