UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PAUL GRILEY, individually and on behalf of the General Public of the State of California,<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONAL CITY MORTGAGE, a division of NATIONAL CITY BANK OF INDIANA; NATIONAL CITY BANK OF INDIANA; PNC MORTGAGE CORP; GREEN TREE SERVICING, LLC; FANNIE MAE, and DOES 1 to 50,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:10-1204 WBS KJM<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u> |

----oo0oo----

      Plaintiff Paul Griley brought this action against defendants National City Mortgage, National City Bank of Indiana ("National City Bank") (both defendants sometimes collectively referred to as "National"), PNC Mortgage Corp, Green Tree Servicing, LLC ("Green Tree"), and Fannie Mae, arising from defendants' allegedly wrongful filing of a notice of default on

1

plaintiff's home.  Presently before the court is Green Tree and Federal National Mortgage Association's ("Fannie Mae") motion to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff's attorney filed no opposition to the motions, and defendants' attorney failed to appear for the hearing.  The court accordingly took the motions under submission.

I.   Factual and Procedural Background

Plaintiff entered into a mortgage with National for approximately $220,273.80 on January 30, 2006, for his property located at 7071 Demaret Drive in Sacramento, California.  (FAC ¶¶ 20-21.)  The loan held a fixed interest rate of 5.170 percent, with total monthly payments of $1,532.71.  (Id. ¶ 21.)  Plaintiff alleges that Fannie Mae is the actual note holder.  (Id.)  Fannie Mae allegedly "hired" National to service the loan.  (Id. ¶ 22.)  Green Tree allegedly sent plaintiff a letter on November 13, 2009, stating that National had sold Green Tree the servicing rights to plaintiff's loan.  (Id. ¶ 30.)  Between November of 2009 to February of 2010, Green Tree allegedly sent plaintiff monthly billing statements which did not reflect the correct monthly payment owed under the loan and which varied in amount month from month.  (Id. ¶¶ 31, 33-35, 37.)  Plaintiff allegedly made contact with Green Tree over the phone to correct the billing statement errors, and was told that the errors would be corrected.  (Id. ¶¶ 32-36.)  Plaintiff alleges that he continued making his monthly payments of $1,532.71.  (Id. ¶¶ 29, 31.)

On or about February 11, 2010, Green Tree allegedly

sent plaintiff a notice of default ("NOD"). (Id. ¶¶ 38, 40-41.) Plaintiff alleges that he made contact with Green Tree regarding the billing errors on or about February 12, 2010, and was told that the errors were due to the transfer of the servicing rights of his loan from National, the errors would be fixed, and he was current on his loan. (Id. ¶ 42.)

In March of 2010, Green Tree allegedly sent plaintiff a monthly billing statement and letter incorrectly indicating that plaintiff was behind on his payments. (Id. ¶ 44.) Plaintiff alleges that he made contact with Green Tree and was again told his account was in good standing and that the errors on his account would be fixed. (Id. ¶¶ 46-47.) In April of 2010, plaintiff was allegedly told by Green Tree that he was behind on his mortgage by over $6,000.00, but was subsequently told that they were trying to repair his account. (Id. ¶¶ 48-51.) Plaintiff alleges that he remains current on his mortgage. (Id. ¶ 52.) Green Tree allegedly has reported to various credit reporting agencies that plaintiff has been late on his payments, which has allegedly resulted in damage to plaintiff's reputation. (Id. ¶¶ 84-85, 88, 99, 102.)

Plaintiff filed this action on May 17, 2010, alleging claims for fraud and conspiracy to commit fraud, "violation of California Civil Code section 2923.5 et seq./request for declaratory relief,"[1] violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210,

---

[1] The court interpreted the claim for "violation of California Civil Code section 2923.5 et seq./request for declaratory relief" as a claim for cancellation of instrument. (Sept. 14, 2010 Order at 8:4-6 (Docket No. 16).)

3

violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, defamation, false light, and breach of contract/anticipatory repudiation. (Docket No. 1.) On September 14, 2010, the court granted Green Tree and Fannie Mae's motion to dismiss the initial Complaint as to Fannie Mae with respect to all claims against it, and as to Green Tree with respect to the the UCL, FCRA,[2] and breach of contract/anticipatory repudiation claims. (Sept. 14, 2010, Order (Docket No. 16).) Plaintiff then filed the FAC. Presently before the court is Green Tree and Fannie Mae's joint motion to dismiss the FAC pursuant to Rule 12(b)(6). Fannie Mae moves to dismiss all claims against it, and Green Tree moves to dismiss the UCL, FCRA, and breach of contract/anticipatory repudiation claims.

II. Discussion

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009), and where a complaint pleads facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). In deciding whether a plaintiff has stated a claim, the court must assume that the plaintiff's allegations are true and draw all reasonable

---

[2] The court did not analyze the UCL and FCRA claims because plaintiff did not argue against dismissing them.

inferences in the plaintiff's favor. <u>Usher v. City of L.A.</u>, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation mark omitted).[3]

  A. <u>UCL Claims against Green Tree</u>

    A private plaintiff has standing under the UCL only if he "suffered injury in fact and . . . lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The UCL requires a loss of "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution and also requires a "causal connection" between the UCL violation and the injury in fact. <u>Rubio v. Capital One Bank</u>, 613 F.3d 1195, 1203 (9th Cir. 2010). In the context of a consumer action under the fraudulent prong of the UCL, the causal connection required is actual reliance. <u>In re Tobacco II Cases</u>, 46 Cal. 4th 298, 326 (2009). <u>But</u> <u>see</u> <u>id.</u> at 326 n.1 (limiting the actual reliance definition of causation to circumstances in which "a UCL action is based on a fraud theory involving false advertising and misrepresentations to consumers").

    The UCL prohibits "any unlawful, unfair, or fraudulent

---

[3] Green Tree and Fannie Mae renew their request for judicial notice of the publicly-recorded deeds of trust. (Green Tree & Fannie Mae's Notice of Mot. & Mot. to Dismiss Pl.'s FAC for Failure to State a Claim upon which Relief can be Granted ("Defs.' Mot.") at 2 n.1 (Docket No. 18).) The court has already judicially noticed the deeds of trust (<u>See</u> Sept. 14, 2010 Order at 4:28-5:4.), and a court may continue to take judicial notice of documents that the court previously judicially noticed. <u>See, e.g.</u>, <u>Daughtery v. Wilson</u>, No. 08cv408, 2010 WL 2605811, at *3 n.1 (S.D. Cal. June 25, 2010).

5

business act or practice." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). "By proscribing 'any unlawful' business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Id. (internal quotation marks omitted). "Fraudulent" as used in the UCL "does not refer to the common law tort of fraud" but only requires a showing that members of the public "are likely to be deceived." Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal. App. 4th 638, 645 (4th Dist. 2008) (internal quotation marks omitted). "A plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (2d Dist. 1993).

Even though fraud is not a necessary element of a UCL claim, when "the plaintiff [] allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," the claim is "said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."[4] Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003); see also id. 1104 (explaining that when the "plaintiff [] choose[s] not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct," then "only the

---

[4] Fraud can be averred by "specifically alleging fraud" or "by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003).

allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements"); see, e.g., Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (applying Rule 9(b) to UCL claim).  Under Rule 9(b), a plaintiff must include "the who, what, when, where, and how" of the misconduct charged.  Vess, 317 F.3d at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

   Here, plaintiff brings a UCL claim under the unlawful prong and a separate UCL claim under the fraudulent prong.  Green Tree's only argument against the UCL claim under the unlawful prong is that plaintiff lacks standing because he has not sufficiently alleged a loss of money or property.  (Green Tree & Fannie Mae's Notice of Mot. & Mot. to Dismiss Pl.'s FAC for Failure to State a Claim upon which Relief can be Granted ("Defs.' Mot.") at 6:12-7:2 (Docket No. 18).)  However, plaintiff has alleged that he continued making what he believed were his correct monthly payments following assurances from Green Tree that his account remained in good standing and Green Tree filed a NOD, the first stage in initiating a foreclosure.  These factual allegations plausibly suggest that plaintiff has suffered either a loss of money or property, even if Green Tree has not actually foreclosed on the property.  See, e.g., Sullivan v. Washington Mut. Bank, FA, No. C-09-2161, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009) ("[N]o foreclosure has taken place and therefore, it may be argued that Ms. Sullivan has not actually lost any property as a technical matter.  On the other hand, it is undisputed that foreclosure proceedings have been initiated which puts her interest in the property in jeopardy.  Th court

concludes that this fact is sufficient to establish standing."). Accordingly, because plaintiff has sufficiently alleged a loss of money or property, the court will deny Green Tree and Fannie Mae's motion to dismiss the UCL claim under the unlawful prong as to Green Tree.

As to the UCL claim under the fraudulent prong, by incorporating the general allegations, plaintiff alleges that Green Tree through its representatives made multiple representations to plaintiff that his account was in good standing, despite monthly billing statements and letters indicating otherwise, and that Green Tree was trying to fix the account. (FAC ¶ 1-52.) Plaintiff identifies the dates and contents of multiple phone calls, monthly billing statements, and letters, and also identifies by name some of Green Tree's representatives with whom he spoke. (See, e.g., id. ¶¶ 28-37, 42, 44, 46-52.) Despite these representations to plaintiff and plaintiff allegedly continuing to make his monthly payments, Green Tree allegedly filed a NOD. (Id. ¶¶ 28, 30-31). These allegations are sufficiently particular under Rule 9(b) and plausibly suggest under Rule 8(a) that Green Tree made representations that would likely deceive members of the public, Puentes, Inc., 160 Cal. App. 4th at 645, and that plaintiff himself actually relied on the representations, as required for standing to assert a UCL claim under the fraudulent prong. In re Tobacco II Cases, 46 Cal. 4th at 326. Accordingly, the court will deny Green Tree and Fannie Mae's motion to dismiss the UCL claim under the fraudulent prong as to Green Tree.

B.   FCRA Claim against Green Tree

8

Section 1681s-2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies ["CRAs"]." 15 U.S.C. § 1681s-2. Subsection (a) pertains to the duty "to provide accurate information." Id. 15 U.S.C. § 1681s-2(a). Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies. Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002); see also Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). Subsection (b) imposes a second category of duties on furnishers of information to a CRA and, unlike subsection (a), these duties are enforceable through a private cause of action. Id. at 1059-60. "These obligations are triggered 'upon notice of dispute'--that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information." Gorman, 584 F.3d at 1154 (quoting 15 U.S.C. § 1681s-2(b)). The duties under subsection (b) arise "only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Gorman, 584 F.3d at 1154.

Here, plaintiff alleges that defendants knew that their "foreclosure and related debt collection activities were wrongful and improper" and that defendants have reported to CRAs that plaintiff has been late on his mortgage. (FAC ¶ 84.) Plaintiff also alleges that defendants "willfully and/or negligently" failed to remove and delete negative credit information despite knowing that their foreclosure and related debt collection activities were wrongful. (Id. ¶ 85.) However, plaintiff's

9

1  failure to allege facts that plausibly suggest that he notified a
2  CRA of a dispute and that the CRA subsequently notified Green
3  Tree of the dispute is fatal to his FCRA claim for violation of
4  subsection (b) of 15 U.S.C. § 1681s-2 because only a CRA's
5  notification to a furnisher of information of a dispute triggers
6  duties under subsection (b).  Gorman, 584 F.3d at 1154.
7  Moreover, to the extent plaintiff attempts to state a claim for
8  violation of subsection (a), that subsection may not be enforced
9  through a private cause of action.  Nelson, 282 F.3d at 1059; see
10 also Gorman, 584 F.3d at 1154.  Accordingly, the court will grant
11 Green Tree and Fannie Mae's motion to dismiss the FCRA claim as
12 to Green Tree.

C.   Breach of Contract/Anticipatory Repudiation Claim
     against Green Tree

A cause of action for breach of contract includes four elements: (1) that a contract exists between the parties, (2) that the plaintiff performed his contractual duties or was excused from nonperformance, (3) that the defendant breached those contractual duties, and (4) that the plaintiff's damages were a result of the breach.  Reichert v. General Ins. Co., 68 Cal. 2d 822, 830 (1968).  Here, plaintiff has cured the deficiencies in the initial Complaint, which merely recited the elements for a breach of contract claim.  The allegations now plausibly suggest a direct or anticipatory breach of contract. (See FAC ¶ 106.)  Accordingly, the court will deny Green Tree and Fannie Mae's motion to dismiss the breach of contract/anticipatory repudiation claim as to Green Tree.

D.   Claims against Fannie Mae

10

Plaintiff has asserted the same eight claims against Fannie Mae that he asserts against Green Tree.  For the reasons stated above with respect to Green Tree, the motion to dismiss the claim against Fannie Mae for violation of the FCRA will be granted.  In the September 14, 2010, Order, the court dismissed all claims against Fannie Mae, holding that plaintiff had failed to sufficiently allege facts as to Fannie Mae to support each claim.  (See Sept. 14, 2010, Order at 6:24-7:9 (fraud and conspiracy claim), 9:20-26 ("violation of California Civil Code section 2923.5 et seq./request for declaratory relief"), 10:22-26 (defamation claim), 11:27-12:2 (false light claim), 12:4-16 (breach of contract/anticipatory repudiation claim).)  In the FAC, plaintiff has largely failed to provide additional factual allegations about Fannie Mae's role to support liability under a direct theory.[5]  Nonetheless, plaintiff now provides more allegations to support an agency theory of liability.

"An agency is either actual or ostensible."  Cal. Civ. Code § 2298.  "An agency is actual when the agent is really employed by the principal."  Id. § 2299. "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him."  Id. § 2300.  While the initial Complaint only alleged that Fannie Mae "may be the actual note holder" and alleged in conclusory fashion that the other defendants acted as "agents" for Fannie Mae (Compl. ¶ 21 (Docket No. 1), the FAC alleges that Fannie Mae is the note holder and

---

[5] Plaintiff did allege additional facts to support his contract claim under a direct liability theory.

11

"hired" National to "service" the loan and that the servicing rights were then sold to Green Tree.  (FAC ¶¶ 21-22.) Plaintiff's allegations of a lender-servicer relationship are sufficient at the pleading stage.[6]  See Palestini v. Homecomings Fin., LLC, No. 10CV1049, 2010 WL 3339459, at *2 (S.D. Cal. Aug. 23, 2010) ("[T]he Complaint clearly alleges that Homecomings was hired by GMAC to service Plaintiffs' loan for the benefit of GMAC.  This is enough to support an agency theory of liability."); see also Lee v. Equifirst Corp., No. 3:10-cv-809, 2010 WL 4320714, at *4 (M.D. Tenn. Oct. 26, 2010); Warden v. PHH Mortg. Corp., No. 3:10-CV-75, 2010 WL 3720128, at *5 (N.D. W.Va. Sept. 16, 2010) (explaining that "[w]hether Fannie Mae had some degree of control over the conduct and activities of [the alleged servicer] is a question to be answered in discovery"). Accordingly, the court will deny Green Tree and Fannie Mae's motion to dismiss the claims against Fannie Mae for fraud and conspiracy to commit fraud, "violation of California Civil Code section 2923.5 et seq./request for declaratory relief," violations of the UCL, defamation, false light, and breach of contract/anticipatory repudiation.

IT IS THEREFORE ORDERED that Green Tree and Fannie Mae's motion to dismiss the First Amended Complaint be, and the same hereby is, GRANTED with respect to the FCRA claim and DENIED in all other respects.

---

[6] Plaintiff's allegations are sufficient at the pleading stage even to support his UCL claims against Fannie Mae, which may not be premised solely on vicarious liability.  See Palestini v. Homecomings Fin., LLC, No. 10CV1049, 2010 WL 3339459, at *2 (S.D. Cal. Aug. 23, 2010) (declining to dismiss UCL claim against lender).

           Plaintiff may therefore proceed under the First Amended Complaint on his remaining claims.  If plaintiff wishes to amend the complaint to cure the defects explained above, he may do so within twenty days from the date of this Order.  Otherwise, the case will proceed under the First Amended Complaint.

DATED:  January 18, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE